BARHAM, Justice
(concurring in dismissal of Writ of Certiorari).
I concur in this Order so that I might state the posture of the case, the nature of the writ application, the relief ordered and the reason for the joint motion to dismiss.
The defendants, Davis and Mayfield, applied to this Court on September 20, 1974, asking the Court to order the trial court to hold a hearing on a Motion to Suppress an oral confession. By order of this Court we granted a writ of certiorari, directing that court to send up the record and show cause why the petition of the relator for the motion to suppress should not be granted. In response to our order of certiorari, which contained a stay order, the trial court requested that the stay order be lifted so that the trial court could proceed to order a hearing on the motion to suppress the oral confession. We granted a limited lifting of the stay order.
The trial court then proceeded to order and hold a hearing on the motion to suppress the oral confession and the trial court, after full evidentiary hearing, denied defendants’ motion to suppress. Certification of that action was made to this Court by the district attorney, accompanied by a motion to dismiss since the issue has become moot by reason of the favorable action of the trial court.
It seems important, however, to call to the attention of the bench and bar that this *336 Court in this case placed the oral confession under Code of Criminal Procedure Article 703. It should be further noted that in writ application No. 55,462 on our docket, State of Louisiana v. Ezekiel “Buddy” Jenkins, David Waters and William Paschal, Twenty-Sixth Judicial District Court, this Court again had an application for writs requesting that the trial court be ordered to hold a hearing on a motion to suppress an oral confession prior to trial. In that writ application, our response on October 18, 1974, was simply a mandatory directive to the trial court to hold the hearing on the motion to suppress. The trial court complied with our order. The majority of this Court are of the opinion that the hearing on the motion to suppress an oral confession complies fully with the intendment of the purpose of the Code of Criminal Procedure Article 703; that it will give to both the State and to defendant notice prior to trial as to whether an oral confession will taint the proceedings or will be admissible as good evidence. The suppression of the oral confession is a natural extension of the jurisprudence which has made oral taped confessions, video taped confessions, and line-up procedures subject to this provision for suppressing evidence prior to trial.
These orders from the Court prior to trial have been issued in order to avert any possibility of reversible error. This is not to say that failure to hear a motion to suppress an oral confession before trial will constitute reversible error. The Court has not been faced with that question. This concurring opinion is delivered for the purpose of alerting all interested parties so that perhaps that question will never be presented to us after verdict.